## THE TWO MASONIC BODIES OF OHIO ARE OF EQUAL STANDING.

Common Pleas Court of Franklin County.

THE MOST WORSHIPFUL NATIONAL GRAND LODGE, ETC., ET AL V. THE MOST WORSHIPFUL GRAND LODGE, ETC., ET AL.

Decided, July 19, 1921.

*Fraternal Orders—Masonic Grand Lodge and Masonic National Grand Lodge, Colored, Enjoined from Interfering with Each Other—Both Entitled to The Appellation "Free and Accepted Masons."*

The two colored Masonic bodies, operating and functioning in Ohio through various subordinate lodges with large membership and large property holdings, are both lawfully entitled to peaceably continue such operation and functionings as Masonic lodges and to practice the rites and ceremonies of Free and Accepted Masons and exercise the rites of lodges and grand lodges; and the Grand Lodge owes no allegiance to and is not subject to the authority of the National Grand Lodge.

*Franklin Rubrecht* and *Eugene Carlin,* for plaintiff.
*W. E. King* and *L. H. Jones,* for defendant.

R. P. DUNCAN, J.

This is an action brought by plaintiffs in which an injunction is sought enjoining defendants from using the name they now use and from using the name "Masons," and from maintaining Masonic Lodges in Ohio, and praying for such other relief as equity may require.

Defendants by way of cross-petition pray that plaintiffs may be found not to be Free and Accepted Masons, that its lodges may be found to be illegitimate and clandestine, that plaintiffs may be found to have no Masonic relation to defendants, that plaintiffs may be restrained from practising, pretending or claiming the right to practice the rites and ceremonies of Free and Accepted Masons, and from exercising, attempting or pretending to exercise the rights or privileges of a Lodge or Grand Lodge of Free and Accepted Masons; that plaintiffs be restrained from interfering with defendants in the exercise of their rights and privileges of Free and Accepted Masons, and with the property rights and reputation of defendants; and that de-

fendants may be found to be true and legitimate Free and Accepted Masons.

The court has very carefully and with a great deal of interest considered the evidence herein, and the memoranda of counsel filed herein.

The court has carefully considered the claims of the parties hereto in the light of the evidence and the Masonic history cited and referred to. The origin of Free and Accepted Masons, Colored, is clearly shown and traced. The origin of the National Grand Lodge or National Compact, so-called, is clearly shown, it having been established in the year 1847 by certain lodges of Free and Accepted Masons. The origin and organization of the Grand Lodge of Ohio of defendants in the year 1849 is clearly shown and its lineage clearly traced. The secession or withdrawal of said Grand Lodge of Ohio from the National Grand Lodge or National Compact in the year 1868 is clearly shown. It is clearly shown that this secession or withdrawal occurred on account of a difference of opinion which arose as to the propriety of the existence of a National Grand Lodge to which State Grand Lodges were subordinate or acknowledged allegiance, it being claimed on the one hand that said National Grand Lodge was a proper Masonic body to which all State Grand Lodges were subordinate, and on the other hand, that there could not properly be such a body as a National Grand Lodge, and that the State Grand Lodges were the highest Masonic authority and could not be subordinate or acknowledge allegiance to any other higher Masonic authority.

Upon the question as to whether or not in the year 1877 or 1878 the National Grand Lodge ceased to exist and adjourned *sine die,* there is a divergence in the evidence. However, this may be, it clearly appears from the weight of the evidence that there was a hiatus of eleven or twelve years in the operations and functioning of said National Grand Lodge. It clearly appears that in 1889 there was a reorganization of or a resumption of activities on the part of said the National Grand Lodge, since which time said body has actively existed and regularly functioned.

The court is of the opinion that for the determination of the issues in this case it is unnecessary to definitely determine this question as to the exact action of said National Grand Lodge in 1877 or 1878 in view of the reorganization or resumption of activities on its part in 1889 and its continued existence thereafter. Neither is it necessary for this court to express an opinion as to which existing body is Masonicly speaking the purer or has the better claim to exist as a Masonic body by virtue of the original warrant set out.

The court finds the two Masonic bodies in existence in the state of Ohio as corporations not for profit, duly incorporated under the laws of Ohio, and operating and functioning through various subordinate lodges with large memberships and large property holdings.

The court finds that each of the parties is lawfully entitled to peaceably continue its existence, operations and functionings as Masonic Lodges, and in the practice of the rites and ceremonies of Free and Accepted Masons, and the exercise of the rights of Lodges and Grand Lodges; and that each is entitled to the word ''Masons'' and 'to the use in its appellation of the words ''Free and Accepted Masons''; and that defendants by virtue of secession or withdrawal from the National Grand Lodge owe no allegiance to and are subject to no authority of said National Grand Lodge.

There has been shown no very serious recent interference on the part of either party with the operations or functionings of the other. However, each party is enjoined from in any manner interfering with the lodges or members of the other in the free exercise of their rights, privileges and functionings as Masons and from in any manner interfering with the property or property rights of the other.

The court expresses the hope that these parties may cease their contentions and animosities and in the future live in harmony and Christian fellowship each with the other.

Injunction denied both plaintiff and defendant except as above set out.

The court is of the opinion that since the principal relief

sought is denied each party and each party is enjoined in cer-
tain respects, the costs should be equally borne by each party,
and it is so ordered.